IN THE UNITED STATES DISTRICT COURT FILED'08 OCT 06 17:16 USDC-ORE

FOR THE DISTRICT OF OREGON

MICHAEL DURLAM, individually and
as Trustee of the Katheryn
Simons Trust,

       Plaintiff,

   v.

AMERICAN EQUITY INVESTMENT LIFE
INSURANCE COMPANY, an Iowa
corporation, and MALCOLM
STRANGWAYS,

       Defendants.

Civ. No. 08-6179-AA

OPINION AND ORDER

Joel D. Kalberer
Weatherford, Thompson, Cowgill,
Black & Schultz, P.C.
130 W. First Avenue
P.O. Box 667
Albany, OR 97321
    Attorney for Plaintiff

Neil J. Philip
Gordon & Rees LLP
701 5th Avenue, Suite 2130
Seattle, WA 98104
    Attorney for Defendant
    American Equity

Eric S. DeFreest
Calkins & Calkins
101 East 14th Street
Eugene, OR 97401
    Attorney for Defendant
    Malcolm Strangways

1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiff, Michael Durlam, brings this claim against defendants, American Equity Investment Life Insurance Company (American Equity) and Malcolm Strangways seeking a declaratory judgment pursuant to 28 U.S.C. § 2201. Plaintiff also asserts breach of contract, negligence, and breach of fiduciary duty against American Equity, and unjust enrichment against Mr. Strangways. Plaintiff's claim arises out of annuity contracts between American Equity and annuitant Katheryn Simons. American Equity moves to dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that plaintiff fails to state a claim for which relief may be granted. American Equity's motion is granted.

## FACTS

The following facts are taken from plaintiff's second amended complaint.

Plaintiff is a resident of Oregon and the current trustee and primary beneficiary of the Katheryn Simons Trust (Trust). Ms. Simons is now deceased. American Equity is an Iowa corporation which managed four of Ms. Simons' annuity accounts. Mr. Strangways is a resident of California identified by American Equity as the beneficiary of three annuity accounts held by Ms. Simons.

In the summer of 2004, Ms. Simons attempted to change the ownership of her financial accounts to her Trust, including those annuity accounts managed by American Equity. She also attempted to

2 - OPINION AND ORDER

remove Mr. Strangways as the beneficiary of her annuity accounts. Ms. Simons was successful in changing the ownership of her accounts held by other financial institutions, but American Equity changed ownership of only one of the four annuity accounts to the Trust.

In August 2006 and June 2007, Ms. Simons again requested that American Equity transfer ownership of the three remaining annuity accounts to the Trust, but American Equity failed to do so. American Equity informed Ms. Simons that ownership of the accounts had not been transferred, because she did not provide a copy of her trust file with the necessary paperwork. Plaintiff asserts that Ms. Simons had provided a copy, because American Equity previously transferred ownership of one of her four annuity accounts.

In November 2007, Ms. Simons died. Following her death, plaintiff contacted American Equity to determine whether the ownership of the three accounts could be changed to the Trust. American Equity would not transfer ownership because Ms. Simons was now deceased, and Mr. Strangways refused to give up his beneficial interest in those accounts. Plaintiff claims that American Equity distributed the monies in the three annuity accounts to Mr. Strangways.

On August 13, 2008, plaintiff filed a second amended complaint. Plaintiff seeks a declaratory judgment naming him, as trustee of the Trust, as the owner of the three American Equity annuity accounts. Plaintiff also asserts three causes of action

3 - OPINION AND ORDER

against American Equity, alleging breach of contract, negligence, and breach of fiduciary duty based on American Equity's alleged failure to transfer ownership and its distribution of monies to Mr. Strangways. Finally, plaintiff asserts a claim of unjust enrichment against Mr. Strangways.

On August 25, 2008 American Equity filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), for failure to state a claim.

## STANDARD

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007), see also Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). For the purpose of a motion to dismiss, a complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Lee v. County of Los Angeles, 240 F.3d 754, 764 (9th Cir. 2001) (discussing 12(b)(6)).

## DISCUSSION

American Equity argues that plaintiff fails to state a claim, because even if his allegation that the Trust is the owner of Ms. Simons' annuities is true, he cannot obtain any relief. American Equity argues that the annuity contracts between it and Ms. Simons required payment to the beneficiary, Mr. Strangways, upon the annuitant's death, regardless of who owned the annuity. Thus,

American Equity argues that even if plaintiff could establish ownership of the annuity accounts, he is not entitled to receive the monies because the Trust was not named as the beneficiary for those accounts. American Equity asserts that because plaintiff has not alleged a claim for which relief can be granted, it did not breach any obligation and the claims should be dismissed.

Plaintiff's second amended complaint alleges that he is the owner of the annuities and his claims are based on this assertion.

First, plaintiff alleges that on at least three occasions, Ms. Simons attempted to change the owner of the three American Equity accounts from herself to the Trust, but her request was denied because American Equity stated she failed to provide all the paperwork. Plaintiff argues that American Equity was in possession of the necessary paperwork and should have changed the ownership. Regardless, plaintiff asserts that the Trust is the rightful owner of the disputed annuity accounts because Oregon law recognizes transfer of ownership if the owner made attempts to change the ownership, even if the owner failed to fully comply with the procedures of the financial institution. Plaintiff thus seeks a declaratory judgment naming plaintiff, as trustee of the Trust, owner of the these three accounts.

Second, plaintiff alleges breach of contract against American Equity. Plaintiff claims that, as trustee of the Trust, he is the owner of the three accounts and that American Equity breached its

5 - OPINION AND ORDER

contract by distributing the monies in the accounts to Mr. Strangways.

Next, plaintiff asserts that American Equity was negligent in distributing the monies to Mr. Strangways when the Trust was the actual owner, rendering Mr. Strangways with no beneficial interest in the Trust. Plaintiff argues that American Equity was also negligent by failing to accurately record and reflect the Trusts' ownership of the accounts, even after Ms. Simons' death.

Finally, plaintiff claims that American Equity owed a fiduciary duty to the Trust to ensure that the accounts owned by the Trust were not distributed to Mr. Strangways. Plaintiff maintains that a trust by definition does not "die" and beneficiary distributions were not triggered by Ms. Simons' death. Plaintiff argues that American Equity owed a fiduciary duty to him and the Trust to accurately record and reflect the Trusts' ownership of the annuities.

American Equity is correct that all of plaintiff's claims rest on the assertion that he, as Trustee, is the owner of Ms. Simons' annuity accounts. Liberally construing the complaint and taking plaintiff's allegations stated in the complaint as true, I find that he is not entitled to relief. Lee, 240 F.3d at 764.

All three of the annuity accounts contracts define "owner" as the person who has "all rights under the contract." See Affidavit of Kevin W. Techau, Exhibits 1,9,11 at p. 4. Further,

6 - OPINION AND ORDER

the contracts define beneficiary as "the person or persons shown on the [a]pplication or by later changes, to whom We pay death [p]roceeds." Id. at p. 4. The contracts explicitly provide that "a change of Owner does not change the Beneficiary." Id at p. 5. Finally, even though plaintiff argues that a trust cannot "die" and that beneficiary distributions should not have been triggered by Ms. Simons' death, the contracts clearly state that upon the annuitant's death, funds in the accounts will be distributed to the named beneficiary. Id. at p. 9. As stated in the complaint, Mr. Strangways was the beneficiary and Ms. Simons was the annuitant; plaintiff does not claim that he was the named beneficiary. Even if plaintiff can prove that he is the owner of the accounts, he would not be entitled to relief because American Equity was required to distribute the monies to the beneficiary, not the owner.[1] Therefore, American Equity's motion to dismiss is granted, because plaintiff has not alleged a claim for which relief can be granted.[2]

In response to American Equity's motion, plaintiff asserts

---

[1] I find that even though plaintiff did not attach the annuity contracts to his second amended complaint, it is appropriate for this court to consider them because plaintiff's complaint necessarily relies on those contracts, particularly with respect to his breach of contract claim. Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998).

[2] Mr. Strangways did not seek dismissal of the unjust enrichment claim asserted against him, but because plaintiff's claim against him is also based on ownership of the annuity accounts, dismissal of this claim is appropriate.

7 - OPINION AND ORDER

several theories of relief that were not pled in his second amended complaint. Plaintiff now argues that because Ms. Simons provided the necessary paperwork to change the ownership *and beneficiary* designations of one annuity account, the change in ownership *and beneficiary* designation should have been observed for the three remaining accounts. Plaintiff contends that if American Equity had properly handled the ownership change, plaintiff would have received and completed paperwork to change the beneficiary as well. Plaintiff also argues that American Equity verbally advised plaintiff that the request to change ownership would ensure that the Trust would receive the proceeds from the accounts. Further, plaintiff asserts that when he informed American Equity of the dispute concerning ownership and beneficiary designation, American Equity should have made an attempt to resolve the dispute, instead of distributing the monies to Mr. Strangways. Finally, plaintiff argues that Ms. Simons intended to change the beneficiary designation from Mr. Strangways to the Trust, and that an attempted change in beneficiary, even if unsuccessful, is recognized under Oregon law. Edwards v. Wolf, 278 Or. 255, 262, 563 P.2d 717 (1977). Plaintiff argues that if he is successful in demonstrating the facts stated above, he has raised a claim for which relief can be granted.

American Equity is correct that plaintiff now asserts that a

8 - OPINION AND ORDER

change or attempted change in ownership would have affected a change in the beneficiary, and that such theory was not alleged in his second amended complaint. American Equity argues that because plaintiff originally included this claim in the first complaint, but did not assert it in the second amended complaint, plaintiff has waived those claims. I decline to decide whether any proposed amendment by plaintiff was waived or would now be futile. Instead, plaintiff may seek amendment of his claims, at which time the court will address these arguments.

## CONCLUSION

American Equity's motion to dismiss (doc. 10) is granted, because plaintiff's second amendment complaint does not assert a claim or theory for which relief can be granted. Within twenty days from the date of this order, plaintiff may seek leave to amend the complaint.

IT IS SO ORDERED.

Dated this 6 day of October, 2008.

_____
Ann Aiken
United States District Judge