FILED'08 DEC 17 09:26USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MICHAEL DURLAM, individually and as Trustee of the Katheryn Simons Trust, | Civ. No. 08-6179-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| AMERICAN EQUITY INVESTMENT LIFE INSURANCE COMPANY, an Iowa Corporation, and MALCOLM STRANGWAYS, | |
| Defendants. | |

Joel D. Kalberer
Weatherford, Thompson, Cowgill,
Black & Schultz, P.C.
130 W. First Avenue
P.O. Box 667
Albany, OR 97321
    Attorney for Plaintiff

Neil J. Philip
Gordon & Rees LLP
701 5th Avenue, Suite 2130
Seattle, WA 98104
    Attorney for Defendant
    American Equity

Eric S. DeFreest
Calkins & Calkins
101 East 14th Street
Eugene, OR 97401
    Attorney for Defendant
    Malcolm Strangways

1    - OPINION AND ORDER

AIKEN, Judge:

Plaintiff, Michael Durlam, filed suit against defendants American Equity Investment Life Insurance Company (American Equity) and Malcolm Strangways seeking a declaratory judgment pursuant to 28 U.S.C. § 2201. Plaintiff also asserted claims for breach of contract, negligence, and breach of fiduciary duty against American Equity, and unjust enrichment against Mr. Strangways. American Equity moved to dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) on grounds that plaintiff fails to state a claim for which relief may be granted. Although American Equity's motion was granted, the court granted plaintiff leave to seek amendment of his complaint. Plaintiff now moves for leave to file his third amended complaint, and Mr. Strangways moves for judgment on the pleadings.

## STANDARD

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading "shall be freely given when justice so requires." The rule and relevant caselaw evince a "strong policy to permit the amending of pleadings." Sweaney v. Ada County, 119 F.3d 1385, 1392 (9th Cir. 1997) (internal quotes and citations omitted). The court must consider several factors when considering a motion to amend: (1) undue delay, (2) bad faith, (3) prejudice to the opponent, and (4) futility of amendment. Id. (quoting Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 766 (9th Cir. 1986)). "A

proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988).

## DISCUSSION

Plaintiff's claims arise out of annuity contracts between American Equity and annuitant Katheryn Simons, who is now deceased. Plaintiff asserts that the Katheryn Simons Trust is the rightful beneficiary of three annuity accounts, rather than Mr. Strangways.

Plaintiff's proposed amendments reallege plaintiff's and Katheryn Simons' attempt to change the ownership designation and beneficiary designation of the annuity accounts. Plaintiff recognizes that his prior amended complaint alleged that he attempted to change the ownership of the annuity accounts, and in the third amended complaint he now alleges that he attempted to change both the owner and beneficiary. Plaintiff claims that the use of the term "owner" or "ownership" in the prior complaint was in error. Plaintiff explains that at the time he did not realize that under the annuity contract, "owner" is a legal term of art. Plaintiff also alleges that his misunderstanding was perpetuated by a representative of American Equity who erroneously informed him that a change in ownership would effectuate a change in beneficiary.

3   - OPINION AND ORDER

Plaintiff maintains that the proposed amendments do not substantively change the nature of the claims he raised in the original complaint, as the claims of negligence, breach of contract, declaratory relief, and unjust enrichment still remain. Plaintiff asserts that defendants will not suffer prejudice, because only Mr. Strangways has filed an answer to the complaint, but that American Equity has not. Plaintiff also points out that no formal discovery has taken place, no depositions have been scheduled, and the parties have spent minimal resources on discovery and trial preparation.

Plaintiff finally argues that the amendment is not futile, because under Oregon law an intent and attempt to change a beneficiary designation permits a court to recognize a different beneficiary than is otherwise shown in the contract. <u>Edwards v. Wolf,</u> 563 P.2d 717, 720 (Or. 1977). Plaintiff alleges that Ms. Simons had the intent to change the beneficiary for her annuity accounts, that plaintiff and Ms. Simons provided information to American Equity in an attempt to change both the owner and beneficiary designations, and that American Equity representatives were aware of Ms. Simons' intent to change the beneficiary.

American Equity responds that plaintiff's proposed amendments are essentially the same facts that were alleged in his original complaint but omitted in his subsequent amended

complaint. Thus, American Equity argues that plaintiff waived his right to reallege the same theory set forth in his original complaint. See Mardirosian v. Lincoln National Life Ins. Co., 739 F.2d 474, 477 (9th Cir. 1984) (a "waiver occurs when there is 'an existing right, a knowledge of its existence, and an actual intention to relinquish it, or conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished."). American Equity emphasizes that plaintiff does not explain why he did not previously allege that an American Equity representative told him that a change in ownership also changed the beneficiary. See Stein v. United Artists Corp., 691 F.2d 885, 898 (9th Cir. 1982) (court does not abuse its discretion in denying a motion to amend where the amendment seeks to advance the same theory originally pled without a "satisfactory explanation for his failure to fully develop his contentions originally. . . .").

Finally, American Equity argues that the facts alleged in plaintiff's proposed third amended complaint are contradicted by documentary evidence, thus rendering plaintiff's proposed amendments futile. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1397 (9th Cir. 1990) (court may deny a motion to amend when the proposed amendment is futile); see also Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1969 (2007) (to not be futile, a complaint "must contain either direct or inferential allegations

5   - OPINION AND ORDER

respecting all the material elements necessary to sustain recovery under some viable legal theory."). American Equity emphasizes that plaintiff had the power of attorney over Ms. Simons' annuity accounts and could have changed the beneficiary designations, but no evidence reflects a request to change the beneficiary. American Equity argues that plaintiff wrongly relies on <u>Edwards</u>, because the insured in <u>Edwards</u> attempted to change the beneficiary designation and not just the ownership designation, and the defendant stipulated that it was the decedent's intent that the plaintiff receive the proceeds of the insurance policy. In contrast, American Equity argues that plaintiff or Ms. Simons signed ownership forms on numerous occasions which acknowledged that changing the owner did not change the beneficiary, and that twice Ms. Simons used a change in beneficiary form to successfully change the beneficiary. Thus, American Equity contends that plaintiff's amendments are futile.

I disagree with American Equity and grant plaintiff's motion for leave to amend. There is a strong policy to permit the amendment of pleadings, and American Equity has not established that it is unjust in this case to do so. <u>Sweaney,</u> 119 F.3d at 1392. Plaintiff correctly argues that amending his complaint results in no prejudice. The parties have spent minimal resources on discovery and trial preparation, and only Mr.

6   - OPINION AND ORDER

Strangways has filed an answer to the complaint. Plaintiff also correctly points out that amending the complaint would not result in undue delay. All counsel have agreed to delay the deadlines by 90 days, and granting leave to amend will not result in a failure to meet those deadlines.

Furthermore, plaintiff is not acting in bad faith, nor are his claims futile. Plaintiff offers facts that, if true, may prove that he is the rightful beneficiary of the annuity accounts. Edwards, 563 P.2d at 720. Even though American Equity attempts to distinguish Edwards, I cannot, at this stage of the proceedings, determine the applicability of Edwards or look to facts and documents outside the pleadings. Instead, plaintiff has presented allegations "respecting all the material elements necessary to sustain recovery under [a] viable legal theory." Twombly, 127 S.Ct. at 1969.

I also disagree with American Equity's argument that plaintiff waived or abandoned his proposed amendments, because no evidence suggests plaintiff intended to relinquish this theory. Stein, 691 F.2d at 898; Mardirosian, 739 F.2d at 477. Additionally, plaintiff has not substantively changed the nature of his claims. He still argues negligence, breach of contract, declaratory relief, and unjust enrichment. For all these reasons, plaintiff's motion for leave to amend is granted.

Consequently, Mr. Strangway's motion on the pleadings is

7    - OPINION AND ORDER

rendered moot. Mr. Strangways relies on American Equity's arguments filed in support of its 12(b)(6) motion, which are no longer relevant given plaintiff's third amended complaint.

## CONCLUSION

Plaintiff's Motion for Leave to Amend (doc. 25) is GRANTED, and defendant Strangway's motion for judgment on the pleadings (doc. 20) is DENIED.

IT IS SO ORDERED.

Dated this 14 day of December, 2008.

*Ann Aiken*
Ann Aiken
United States District Judge

8   - OPINION AND ORDER